UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES K. SCHENKE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18 CV 90 |
| JIM BUSH, *et al.*, | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motion to dismiss. (DE # 8.) For the reasons set forth below, the motion will be granted.

### I. BACKGROUND

James Schenke, a plaintiff proceeding without an attorney, filed this lawsuit against a number of defendants associated with Purdue University, his former employer. (DE # 1.) Schenke sued: Mitch Daniels, President of Purdue; Trent Klingerman, Vice President of Human Resources; Julie Rosa, Assistant Vice President of Public Affairs; Shelley Triol, Assistant Vice President; Steve Schultz, General Counsel for Purdue; and Keene Red Elk, Captain of the Purdue University Police.

Schenke alleges that the defendants unlawfully restricted his speech and retaliated against him when he exercised his right to free speech. He claims that he was wrongfully denied a promotion, and was disciplined and ultimately terminated, for speaking out publically in opposition to the City of West Lafayette's attempts to annex property and for publically opposing the opening of the U.S. 231 bypass.

Defendants have filed a motion to dismiss. (DE # 8.) Schenke did not respond to the motion and the time to do so has passed. This matter is now ripe for resolution.

## II.     LEGAL STANDARD

Defendants have moved to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As the Seventh Circuit

explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

## III. DISCUSSION

Defendants argue that Schenke's claims are barred by claim preclusion because at the time he filed this case he was in the process of litigating the same claims, against many of the same defendants, in *Schenke v. Daniels*, No. 4:15-CV-75 ("*Daniels*"). (DE # 9 at 8.) In *Daniels*, Schenke named many of the same defendants he has sued in this case: Julie Griffith, Mitch Daniels, Trent Klingerman, Julie Rosa, Brian Zink, and Shelley Triol ("Purdue defendants"). He alleged that these defendants violated his First Amendment rights by restraining his speech and retaliating against him for speaking out against the City of West Lafayette's proposed annexation and the opening of the U.S. 231 bypass. *Daniels*, No. 4:15-CV-75, DE ## 1, 64. Schenke claimed that the Purdue defendants violated his rights under the First Amendment by abridging his right to free speech and by retaliating against him when he exercised his right to speak. *Id.* The Court dismissed defendant Rosa after Schenke admitted that he did not have an actionable claim against her. *Id.* at DE # 88, 2017 WL 4366000 (N.D. Ind. Sept. 29, 2017). The Court later granted

3

summary judgment to the remaining Purdue defendants. *Id.* at DE # 113, 2019 WL 1245160 (N.D. Ind. Mar. 15, 2019).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The purpose of the doctrine of res judicata is to promote predictability in the judicial process, to preserve judicial resources, and to protect litigants from the expense and disruption of repeated litigation. *Bell v. Taylor*, 827 F.3d 699, 708 (7th Cir. 2016). Courts look to federal common law to determine the preclusive effect of a federal-court judgment. *Taylor*, 553 U.S. at 891.

"Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* at 892 (internal citation omitted). Claim preclusion "bars a claim that was litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) (internal quotation marks and citation omitted). "The test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Id.* Where the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds are the same, there is identity for purposes of res judicata – even if the complaints assert "technically different claims." *Id.*

4

"Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 at 891 (internal citation omitted).

A district court may dismiss a pleading on the basis of res judicata if the affirmative defense is plain from the face of the complaint. *Atherton v. St. Vincent Hosp.*, No. 18-2985, 2019 WL 3431337, at *1 (7th Cir. July 30, 2019). *See also Park v. Bd. of Trustees of Univ. of Illinois*, 754 F. App'x 437, 439 (7th Cir. 2018), *reh'g denied* (Dec. 11, 2018) ("Although collateral estoppel is an affirmative defense, a court may raise it *sua sponte*, as we do here, if it is plainly apparent from the face of the complaint.").

Here, claim preclusion bars Schenke's present claims against defendants Zink, Griffith, Daniels, Rosa, Klingerman, and Triol. Schenke did, or could have, litigated all of his present claims regarding the restrictions on his speech, his discipline, and his termination,[1] in *Daniels*. Schenke's allegations in this case are largely duplicative of his allegations in *Daniels*. In both actions his claims arise out of the same set of operative facts regarding: his employment; his speech opposing annexation and the construction of the U.S. 231 bypass; defendants' restrictions on his speech; and his discipline, denial

---

[1] Schenke initiated his case in *Daniels* prior to his termination. However, he had an opportunity to include, and in fact intended to include, a claim regarding his allegedly retaliatory termination in that proceeding. In his response to the Purdue defendants' motion to dismiss, Schenke stated: "At this point, Schenke intends to argue that Purdue's reasons for his termination are pretextual, and that the real reason for Schenke's termination is retaliation for exercising his right to freedom of speech, and for filing this lawsuit against Purdue." *Daniels*, 4:15-CV-75, DE # 77.

of a promotion to Public Information Officer, and eventual termination from Purdue, in retaliation for his speech. His claims in both cases involve the same nature of claims, legal basis for recovery, and factual background. The Court *Daniels* entered a final judgment on the merits on Schenke's claims against defendants Zink, Griffith, Daniels, Rosa, Klingerman, and Triol. Thus, claim preclusion applies to bar Schenke's present, successive claims against these defendants.

Defendant Red Elk was not a named party in *Daniels*, but Schenke did name him as a defendant in *Schenke v. Phelps*, No. 4:18-CV-87 ("*Phelps*"). Schenke's allegation against Red Elk in *Phelps* is identical to his allegation against Red Elk in the present case: he claims that Red Elk advised Schenke that his employment at Purdue had been terminated and that he was a *persona non grata* on campus. *Id.* at DE # 16, 2019 WL 2503670, at *1 (N.D. Ind. June 17, 2019). The Court in *Phelps* dismissed Schenke's complaint for failure to state a claim. *Id.* at DE # 17. Because Schenke's claim against Red Elk in *Phelps* involved an identity of claim and party, and resulted in a final judgment on the merits, Schenke's present claim against Red Elk is barred by claim preclusion.

Finally, with respect to defendants Bush and Schultz, these defendants were not named in *Daniels* or *Phelps*, and thus there is no identity of parties and claim preclusion does not apply. However, Schenke's claims against these defendants are barred by issue preclusion. *See Park*, 754 F. App'x at 439 (while claim preclusion was inapplicable to successive claims against new defendants, issue preclusion applied to bar claims);

*Neuman v. McCoy*, 210 F. App'x 542, 545 (7th Cir. 2006) (unpublished) (issue preclusion may be used offensively by a new defendant against a plaintiff who has had one full and fair opportunity to litigate a given claim).

In this case, Schenke claims that Schultz, as Purdue General Counsel, and Bush, as Schenke's immediate supervisor, took part in the violations of his First Amendment rights. Schenke claims that Schultz: declined his request to reword a reprimand he received after he spoke to a reporter; refused to negotiate a settlement with him regarding his First Amendment claims; and corresponded with him regarding the adverse employment actions taken against him. (*Id.* at 9, 12, 16.) Schenke claims that Bush imposed pretextual discipline on him as part of the overall scheme to terminate him because of his speech. (*Id.* at 2, 17-20.)

The legal and factual issues in this case have already been adjudicated on the merits in *Daniels*. The Court in *Daniels* determined that Schenke's speech regarding the annexation and bypass were made within the scope of his employment as a media liaison. *Daniels*, 4:15-CV-75, 2019 WL 1245160 at *6. The Court found that because Schenke spoke as a public employee, not as a private citizen, his speech was not entitled to First Amendment protection. *Id.* The Court also determined that there was no evidence of a connection between Schenke's speech and the alleged retaliation. *Id.* at *7. Finally, the Court found that the employment guidelines that Schenke challenged did not constitute a prior restraint to his speech because the guidelines did not restrict any speech protected by the First Amendment. *Id.* at *8. These legal and factual

7

determinations were essential to the Court's final judgment against Schenke in *Daniels*. Because Schenke's successive claims in this case attempt to relitigate factual and legal issues that were conclusively decided in *Daniels*, issue preclusion bars Schenke's present claims.

**IV.    CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss. (DE # 8.)

**SO ORDERED.**

Date: August 16, 2019

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT